IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEWIS BROWN,
    a*ka Robert O'Brian Clarke*

    Petitioner,

    v.

WARDEN,

    Respondent.

Civil Action No.:  JRR-23-466

**MEMORANDUM**

On February 17, 2023, this Court received the above-entitled Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons stated below, the Petition must be dismissed without prejudice and a certificate of appealability shall not issue.

Petitioner Lewis Brown (also known as Robert O'Brian Clarke) is a federal inmate confined to Federal Correctional Institution Texarkana in Texarkana, Texas.  He seeks to challenge his March 16, 1988, conviction for distribution of a controlled substance from the Circuit Court for Montgomery County, Maryland.  ECF No. 1 at 1.  Brown was sentenced to four years of incarceration on May 26, 1988.  *Id*.  Brown filed a copy of the decision issued by the Circuit Court for Montgomery County denying his Petition for Writ of Coram Nobis.  ECF No. 1-3.  The order, which is dated June 27, 2016, states in pertinent part that Brown "is not incarcerated or serving a term of probation or parole as a result of this conviction."  *Id*. at 11.

Under 28 U.S.C. §2254(a), federal habeas relief is available to a prisoner who is "in custody."  When a sentence has expired, federal habeas relief is unavailable even if the expired sentence enhanced a sentence that has not yet expired.  *See Lackawana County Dist. Attorney v. Cross*, 532 U.S. 394, 401-402 (2001).  "We have interpreted the statutory language as requiring

that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989).  When a habeas petitioner is not in custody, this Court does not have jurisdiction to award relief on the alleged errors in the conviction.  *See Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (writ of coram nobis unavailable in federal courts for attack on state criminal judgment); *see also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir.1964); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir.1962); *In re Egan*, 339 F. App'x. 314, 315 (4th Cir. 2009) (unpublished).  While "an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254," Brown is not subject to either of these restraints on his liberty.  *Mainali v. Virginia*, 873 F.Supp.2d 748, 751 (E.D. Va. 2012), citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963).

To the extent Brown intended this Petition to seek a writ of coram nobis, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982); *see also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962); *In re Egan*, 339 F. App'x. 314, 315 (4th Cir. 2009) (unpublished).

Having determined that this Court does not have jurisdiction over the matters raised by Brown, the Petition must be dismissed without prejudice.  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the

petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). This Court finds that Brown's Petition does not demonstrate a basis for a certificate of appealability. He may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate Order dismissing the Petition without prejudice and denying a certificate of appealability follows.

_____2.28.2023_____                       _____/S/_____
Date                                                              Julie R. Rubin
                                                                  United States District Judge